# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JAMES EDGAR,** on behalf of himself and others similarly situated, | : <br> : <br> : |
| **Plaintiff**, | : <br> : |
| v. | :    CASE NO. 2:21-cv-533 <br> : <br> :    JUDGE |
| **WESTCHESTER PARKWAY CONSULTING LLC dba SOLIVITA HEALTH**, <br> ACFB Incorporated <br> 200 Public Square, Suite 2300 <br> Cleveland, OH 44114 | : <br> :    MAGISTRATE JUDGE <br> : <br> :    **<u>JURY DEMAND ENDORSED</u>** <br> :    **<u>HEREON</u>** <br> : <br> : |
| **-and-** | : <br> : |
| **CROCKER ROAD CONSULTING LLC dba SOLIVITA HEALTH**, <br> ACFB Incorporated <br> 200 Public Square, Suite 2300 <br> Cleveland, OH 44114 | : <br> : <br> : <br> : <br> : |
| **-and-** | : <br> : |
| **PGN OP SUMMIT LLC**, <br> ACFB Incorporated <br> 200 Public Square, Suite 2300 <br> Cleveland, OH 44114 | : <br> : <br> : <br> : |
| **-and-** | : <br> : |
| **PGN OP PARK LLC**, <br> ACFB Incorporated <br> 200 Public Square, Suite 2300 <br> Cleveland, OH 44114 | : <br> : <br> : <br> : |
| **-and-** | : <br> : |
| **PGN OP OAK LLC**, <br> ACFB Incorporated <br> 200 Public Square, Suite 2300 | : <br> : <br> : |

Cleveland, OH 44114                                :
                                                   :
**-and-**                                          :
                                                   :
**PGN OP ECHO LLC**,                               :
ACFB Incorporated                                  :
200 Public Square, Suite 2300                      :
Cleveland, OH 44114                                :
                                                   :
**-and-**                                          :
                                                   :
**PGN MGMT SUMMIT LLC**,                           :
ACFB Incorporated                                  :
200 Public Square, Suite 2300                      :
Cleveland, OH 44114                                :
                                                   :
**-and-**                                          :
                                                   :
**PGN MGMT PARK LLC**,                             :
ACFB Incorporated                                  :
200 Public Square, Suite 2300                      :
Cleveland, OH 44114                                :
                                                   :
**-and-**                                          :
                                                   :
**PGN MGMT OAK LLC**,                              :
ACFB Incorporated                                  :
200 Public Square, Suite 2300                      :
Cleveland, OH 44114                                :
                                                   :
**-and-**                                          :
                                                   :
**PGN MGMT ECHO LLC**,                             :
ACFB Incorporated                                  :
200 Public Square, Suite 2300                      :
Cleveland, OH 44114                                :
                                                   :
**-and-**                                          :
                                                   :
**JOHN DOE CORPORATIONS 1-10**,                    :
                                                   :
         **Defendants**.                           :
                                                   :
                                                   :

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Plaintiff James Edgar ("Named Plaintiff") individually and on behalf of other members of the general public similarly situated, for his complaint against Defendants Westchester Parkway Consulting LLC dba Solivita Health ("WPC Solivita"), Crocker Road Consulting LLC dba Solivita Health[1] ("CRC Solivita"), PGN OP Summit LLC ("OP Summit"), PGN OP Park LLC ("OP Park"), PGN OP Oak LLC ("OP Oak"), PGN OP Echo LLC ("OP Echo"), PGN MGMT Summit LLC ("MGMT Summit"), PGN MGMT Park LLC ("MGMT Park"), PGN MGMT Oak LLC ("MGMT Oak"), PGN MGMT Echo LLC ("MGMT Echo"), and John Doe Corporations 1-10 (collectively "Defendants"), for their failure to pay employees wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03 and the OPPA are brought as a class action pursuant to Rule 23. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.    JURISDICTION AND VENUE**

1.    This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2.    This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court

---

[1] Both Westchester Parkway Consulting LLC and Crocker Road Consulting LLC were registered with the Ohio Secretary of State on June 24, 2020. "Solivita Health" is a trade name that was registered with the Ohio Secretary of State by both WPC Solivita and CRC Solivita on June 25, 2020.

maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants employed the Named Plaintiff and others similarly situated in the Southern District of Ohio and a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio.

**II.   PARTIES**

**Plaintiff**

4. Named Plaintiff is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff was employed by Defendants beginning in or around August 2019 to December 2020.

6. Named Plaintiff primarily worked as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

7. At all times relevant, Plaintiff was a Licensed Practical Nurse ("LPN") primarily at Defendants' facility located in Columbus, Ohio called Summit's Trace Healthcare Center.

8. Named Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and he has given his written consent to bring this collective action to recover unpaid overtime under the FLSA and to recover unpaid overtime under the Ohio Wage Act. The Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**Defendants**

9. Each of the Defendants had control over Named Plaintiff and similarly situated employees' working conditions.

10. At all relevant times, Defendants have shared or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees.

11. At all relevant times, Defendants have had direct or indirect control over the terms and conditions of Named Plaintiff's work and the work of similarly situated employees.

12. At all relevant times, Defendants possessed the authority to control the terms and conditions of Named Plaintiff's employment and the employment of similarly situated employees and have exercised that authority.

Defendant Entities

13. The Defendant Entities includes - WPC Solivita, CRC Solivita, PGN OP Summit LLC, PGN OP Park LLC, PGN OP Oak LLC, PGN OP Echo LLC, PGN MGMT Summit LLC, PGN MGMT Park LLC, PGN MGMT Oak LLC, and PGN MGMT Echo LLC- are foreign limited liability companies that provide transitional care, rehabilitation therapy, assisted living, long-term nursing, and Alzheimer's care.

14. Upon information and belief, although Defendant Entities have registered numerous other "entities" - John Doe Corporations 1-10 - all Defendant Entities maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

15. The Defendant Entities have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of

pay, and/or maintain employee records. The Defendant Entities form a "single employer" as they are part of a single integrate enterprise and/or they are joint employers as they jointly operate and provide healthcare services, and they maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

16. Because the work performed by Named Plaintiff and all other hourly employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

17. Defendant Entities have substantial control over Named Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

18. Defendant Entities directly or indirectly control the terms and conditions of Named Plaintiff's work and the work of similarly situated employees.

19. Defendant Entities maintained control, oversight, and direction over Named Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

20. Upon information and belief, Defendant Entities apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations and under all of its entities, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, timekeeping, and meal deductions.

21. Defendant Entities are individually and collectively an "employer" of Named Plaintiff and similarly situated employees as that term is defined by the FLSA.

22. Defendant Entities have gross revenue that exceeds $500,000.00 per year.

23. At all times relevant hereto, Defendant Entities were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

John Doe Corporations 1-10

24. Upon information and belief, Defendant own, operate, and control other entities and/or limited liability companies that also comprise part of the Defendants' maintenance and cleaning services operations , and qualify as "employers" of Named Plaintiff and similarly situated maintenance employees of Defendants as that term is defined by the FLSA and Ohio wage law.

25. The identities and involvement of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**III. FACTS**

26. Defendants employ LPNs, Registered Nurses ("RNs"), Licensed Practical Nurses ("LPNs"), State Teste Nursing Assistants ("STNAs"), and other direct care healthcare employees (collectively referred to as "healthcare employees").

27. Defendants required a daily deduction of 0.5 hours from Named Plaintiff and Defendants' other healthcare employees' compensable hours worked on each shift under 13 hours for a meal break regardless of whether they actually took an uninterrupted 0.5-hour meal break.

28. Further, Defendants require another 0.5-hour deduction from Named Plaintiff and Defendants' other healthcare employees' compensable hours worked when their shift lasts 13 or more hours.

29. Named Plaintiff's and Defendants' other healthcare employees were regularly unable to take a meal break; however, Defendants still applied a daily meal break deduction.

30. Defendants knew or had reason to know they was not compensating Named Plaintiff and Defendants' other healthcare employees for working during their meal breaks.

31. Named Plaintiff made multiple complaints to HR about having a meal deduction applied even when he was unable to take a full, 30-minute uninterrupted meal break; however, HR's response was simply that this is how the system works.

32. Defendants did not have an effective process for reporting a missed meal break and receiving compensation for it.

33. On one or more occasions, Named Plaintiff and other similarly situated healthcare employees worked more than 40 hours in given workweeks.

34. At all times relevant herein, Named Plaintiff and other similarly situated healthcare employees were hourly, non-exempt employees of Defendants as defined in the FLSA and the Ohio Acts.

35. During relevant times, Defendants suffered and permitted the Named Plaintiff and similarly situated healthcare employees to work more than forty (40) hours in workweeks while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates of pay because of their failure to pay for all hours worked because of the meal deduction policy.

### IV. FLSA COLLECTIVE ALLEGATIONS

**A. Overtime Collective**

36. The Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class. The FLSA overtime collective consists of the following:

> All current and former hourly, non-exempt employees of Defendants who had a meal break deduction applied during any

> workweek that they were paid for at least 40 hours of work in the three (3) years preceding the filing of this Complaint and continuing through the final disposition ("FLSA Collective" or "FLSA Collective Members").

37. Named Plaintiff and putative FLSA Collective Members were all subject to the same policies or practices described above which resulted in unpaid overtime.

38. During the last three years, Defendants have not paid Named Plaintiff and Defendants' other similarly situated healthcare employees all overtime wages earned for the overtime work they performed.

**V.     RULE 23 CLASS ALLEGATIONS**

39. The Named Plaintiff brings her Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following subclasses:

> All current and former hourly, non-exempt employees of Defendants who had a meal break deduction applied during any workweek that they were paid for at least 40 hours of work in the two (2) years preceding the filing of this Complaint and continuing through the final disposition ("Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").

40. The Ohio Rule 23 Class includes all current or former non-exempt healthcare employees employed by Defendants throughout the State of Ohio as defined above.

41. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

42. The Named Plaintiff is a member of the Ohio Rule 23 Class and his claims for unpaid overtime wages are typical of the claims of other members of the Ohio Rule 23 Class.

43. The Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

44. The Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

45. The Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

46. Questions of law and fact are common to the Ohio Rule 23 Class.

47. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

48. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiff and the Ohio Rule 23 Class as a whole.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

50. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class certain overtime wages for hours worked in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendants calculated the Ohio Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime

compensation, is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (f) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

51. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. The Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**VI.   CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

52. All of the preceding paragraphs are realleged as if fully rewritten herein.

53. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the FLSA Collective.

54. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

55. During the three (3) years preceding the filing of this Complaint, Defendants employed the Named Plaintiff and the FLSA Collective Members.

56. The Named Plaintiff and the FLSA Collective Members worked in excess of 40 hours in workweeks.

57. The Named Plaintiff and the FLSA Collective Members were not fully and properly paid all overtime wages earned because Defendants took daily meal deductions regardless of whether employees received an uninterrupted 30-minute meal break.

58. Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek as described herein.

59. The Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

60. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

61. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

62. As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the FLSA Collective Members.

**SECOND CAUSE OF ACTION:**
**R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

63. All of the preceding paragraphs are realleged as if fully rewritten herein.

64. This claim is brought under the Ohio Wage Act.

65. The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under the Ohio Wage Act.

66. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

67. The Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid the required overtime wages for all of such time spent working because Defendants took daily meal deductions regardless of whether employees received an uninterrupted 30-minute meal break.

68. The Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of Ohio Law.

69. Defendants' repeated and knowing failures to pay overtime wages to the Named Plaintiff and the Ohio Rule 23 Class Members were violations of R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

70. For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, the Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Ohio Rule 23 Class Members.

## THIRD CAUSE OF ACTION:
### R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. The Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendants.

73. During all relevant times, Defendants were entities covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

74. The OPPA requires Defendants to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, pursuant to O.R.C. § 4113.15(A).

75. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including minimum and overtime wages at one and one-half times their regular rate of pay within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

76. The Named Plaintiff and the Ohio Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

77. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION:
### RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

78. All of the preceding paragraphs are realleged as if fully rewritten herein.

79. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

80. During times material to this complaint, Defendants were covered employers, and required to comply with the Ohio Wage Act's mandates.

81. Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

82. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

83. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

D. Finding Defendants failed to keep accurate records in accordance with the Ohio Wage Act and that as a result, Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G. Awarding to Named Plaintiff and the Ohio Rule 23 Class liquidated damages allowed by the OPPA;

H. Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

I. Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

J. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and the Ohio Wage Act;

K. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

L. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N, Hendren (100041)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com
khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

>*/s/ Matthew J.P. Coffman*
>Matthew J.P. Coffman