IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES EDGAR,

      **Plaintiff,**

  v.                                      Civil Action 2:21-cv-533
                                          Judge Michael H. Watson
                                          Magistrate Judge Jolson

WESTCHESTER PARKWAY
CONSULTING LLC, et al.,

      **Defendants.**

## REPORT AND RECOMMENDATION

On July 21, 2023, the Court directed Defendants Westchester Parkway Consulting LLC, Crocker Road Consulting LLC, PGN MGMT Echo LLC, PGN MGMT Oak LLC, PGN MGMT Park LLC, PGN MGMT Summit LLC, PGN OP Echo LLC, PGN OP Oak LLC, PGN OP Park LLC, PGN OP Summit LLC, and John Doe Corporations 1 through 10 (collectively, "Defendants") to obtain counsel by August 11, 2023, noting that corporations may appear in federal court only if represented by licensed counsel. (Doc. 47).   No counsel appeared on behalf of any of the Defendants by that time.

So, on August 23, 2023, the Undersigned afforded them the opportunity to show cause within fourteen days, warning that failure to do so would result in a recommendation that they be found in default. (Doc. 48).  That deadline has passed, and again, none of the Defendants have responded to the Court's show cause order.  Further, the order was returned as undeliverable as to Defendant PGN MGMT Echo LLC.  (Doc. 49).

The Defendants remain unrepresented in this case. As already explained, "[t]he law is well-settled that a corporation may appear in federal courts only through licensed counsel and not through the pro se representation of an officer, agent, or shareholder." *Nat'l Labor Relations Bd. v. Consol. Food Servs., Inc.*, 81 F. App'x 13, 15 (6th Cir. 2003). "This rule also applies to limited liability corporations." *Barrette Outdoor Living, Inc. v. Mich. Resin Reps.*, LLC, No. 11-13335, 2013 WL 1799858, at *8 (E.D. Mich. Apr. 5, 2013), *report and recommendation adopted sub nom. Barrette Outdoor Living v. Mich. Resin Reps., LLC*, No. 11-13335, 2013 WL 1800356 (E.D. Mich. Apr. 29, 2013) (citations omitted).

Though the Undersigned has considered sanctions short of default, because these Defendants cannot appear as a *pro se* entities and have been given multiple opportunities to secure counsel, "a less drastic remedy does not appear appropriate." *Id*. (recommending that LLC defendant be found in default for failing to secure counsel). However, regarding the unidentified Defendants, default judgment is improper. *Checkpoint Sys., Inc. v. Castleton Enters., Inc.*, No. 5:10-CV-128, 2010 WL 1742104, at *2 (N.D. Ohio Apr. 29, 2010).

Accordingly, it is **RECOMMENDED** that default judgment be entered against Defendants Westchester Parkway Consulting LLC, Crocker Road Consulting LLC, PGN MGMT Echo LLC, PGN MGMT Oak LLC, PGN MGMT Park LLC, PGN MGMT Summit LLC, PGN OP Echo LLC, PGN OP Oak LLC, PGN OP Park LLC, and PGN OP Summit LLC in an amount to be determined by the District Court upon further submissions. It is further **RECOMMENDED** that Defendants John Doe Corporations 1 through 10 be dismissed without prejudice.

<u>**Procedure on Objections**</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


IT IS SO ORDERED.


Date: September 11, 2023                                    /s/ Kimberly A. Jolson
                                                            KIMBERLY A. JOLSON
                                                            UNITED STATES MAGISTRATE JUDGE